MANRIQUE DE LARA ET AL. *v.* MORALES.

APPEAL from the District Court of Aguadilla.

No. 21.—Decided June 19, 1905.

OWNERSHIP—SALE OF SAME PROPERTY TO DIFFERENT PURCHASERS—RECORD OF SALE.—Where property is sold to different purchasers, if it be real estate, it will belong to the purchaser who first recorded his title.

POSSESSOR.—Every possessor of property should be protected in his possession so long as more effective titles are not presented.

ID.—DAMAGES AND LOSSES.—Where a person in possession of a thing has been illegally deprived of such possession, not only shall the thing be restored to him, but he shall receive indemnification for the loss and damage which he may have sustained.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

*Mr. Herminio Díaz* for respondent.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 28th of last year Mercedes, Josefa, Manuela, Antonio and Salvador Manrique de Lara y Campi, represented by Attorney Alfredo Arnaldo, brought an action against Felix Morales in the District Court of Aguadilla, alleging that they were the joint owners under a proper title and in quiet and peaceful possession of a sugar cane plantation situated in the *barrio* of Añasco Abajo, in the municipal district of Añasco, judicial district of Aguadilla, having an area of 103.89 *cuerdas* of low lands, bounded on the east by lands of the Estate of José Arcelay; on the north by lands of the Estate of Urrutia and of the Estate of Juan Bianchi y Pagán, divided by the road leading to the Añasco beach; on the west by property of Amalia Altiery de Cebollero, Manuel A. Velez and Justo Goicovitch; and on the south by the Rio Grande. Felix Morales brought an oral action for the recovery of a sum of money in the Municipal Court of Añasco against Pedro R. Gonce, in which judgment was rendered against the defendant for the sum claimed with interest and costs, and for the execution of this judgment an attachment was levied on a tract

of land consisting of 24 *cuerdas,* planted to sugar-cane, and bounded on the east by the Estate of Arcelay; on the west by the property of José R. Velez; on the south by the Rio Grande; and on the north by the road running from the town to the beach, and which lands form part of the 103.89 *cuerdas* constituting the estate above mentioned.   On May 20, 1904, the lands attached were awarded to Morales, and he was given judicial possession thereof on the 31st of said month, notwithstanding the fact that Morales y Gonce knew that said lands were the property of the plaintiffs; and that by the judicial possession given to Morales the plaintiffs were deprived of the enjoyment thereof, loss and damages being caused them to the extent of $1,575.   They closed with a prayer that judgment should be rendered restoring them to the enjoyment and peaceful possession of the 25 *cuerdas* of which they had been deprived by Felix Morales, that the latter should be adjudged to pay the loss and damages caused, and the costs of the proceedings.

Felix Morales, represented by Attorney Juan Quintero, in answering the complaint, took exception, alleging the lack of legal capacity on the part of Mercedes and Josefa, on the ground that they, being married to Juan Cayuela and Manuel Janer, respectively, were not represented by their husbands; but the defendant subsequently withdrew this exception and alleged in his answer to the complaint that the plaintiffs had never been the owners of the 25 *cuerdas* of land which had been awarded to him in the proceedings prosecuted against Pedro Regalado Gonce, as the latter was the real owner thereof by virtue of a deed conveying ownership executed in his favor by José Ramon Pesante on November 3, 1898, who had acquired said lands by virtue of an award to him thereof by the Court of First Instance of Mayaguez on June 14, 1884, and by possession given him on July 15, 1888, on which occasion they were surveyed by Surveyor Pedro Viader; that Pesante had possessed these lands peacefully since 1888, and that when

Justo Goicovitch entered into negotiations with Antonio Manrique de Lara, Pesante leased them to Manrique de Lara, taking them away from Manuel Antonio Velez who had held them under lease; that Pesante, being a patient of Doctor Manrique de Lara requested Gonce not to bother the doctor with the collection of the lease price, and upon proceeding to levy the attachment against Gonce the latter found that Manrique de Lara had unlawfully assumed title to said lands, recording them in his favor in the registry of property; that if there has been any unlawful assumption of title, it has been on the part of Manrique de Lara, it being absolutely false that the defendant had any knowledge of the fact that the land belonged to the parties plaintiff, because the contrary was known to all the residents of Añasco; for all of which reasons he denied absolutely all the allegations of the parties plaintiff, and prayed for a judgment dismissing the complaint, with the costs against Antonio Manrique de Lara; that is to say, the plaintiff succession.

The following facts appear to have been established by the evidence submitted in these proceedings:

1. That by order of June 14, 1884, the former Court of First Instance of Mayaguez, upon the application of Ramon Aristides Pesante, issued a writ of execution against the property of Juan A. Monge, for the recovery of a sum of money; and in compliance with this writ a tract of land was attached which formed part of the Concepción plantation which was designated as the property of Monge, its area being 30 *cuerdas;* that the said 30 *cuerdas* were offered at public sale, a part thereof consisting of 24.67 *cuerdas* being awarded to Pesante owing to a lack of bidders, and that he was placed in possession thereof on June 15, 1888; and that Pesante was not able to have this award recorded in his name owing to the defect that the Concepción Plantation, of which the tract awarded is said to form a part, was recorded in favor of a

person other than the execution debtor, according to a decision of the Registrar of Property of Mayaguez of February 12, 1904.

2. That by a public deed of November 3, 1898, José Ramon Aristides Pesante sold to Pedro Regalado Gonce the land which was awarded to him in the execution proceedings prosecuted against Juan Angel Monge, consisting of 25 *cuerdas,* as stated in said document, this document ratifying the sale which had already been made by private deed of November 20, 1904, without such public deed being recorded in the registry of property either, owing to the defect that the Concepción estate, of which the tract sold was said to form a part, was recorded in favor of a person other than the alienor, according to a decision of the Registrar of Property of Mayaguez of February 12, 1904, which is of the same date as that of the refusal to admit the award to Pesante to record.

3. Felix Morales brought an oral action in the Municipal Court of Añasco against Pedro R. Gonce, for the recovery of a sum of money, on March 4, 1904, in which action judgment was rendered against the defendant, and the 25 *cuerdas* which the latter had acquired of Pesante were attached, and were, by order of May 20th of the same year, awarded to Morales in satisfaction of his claim, and he was placed in possession thereof on May 31st. It does not appear that any effort was made to have this award recorded in the Registry of Property of Mayaguez, the record showing only that a notice of the attachment of April 8, 1904, was refused, on account of the defect that the Estate was not recorded in favor of the debtor nor of any other person.

4. That when Morales was placed in possession of the lands in question they were planted to sugar-cane which should produce $50 per *cuerda* per annum, according to the testimony of a number of witnesses.

5. That on April 3, 1894, the possession of the so-called Concepción Sugar Plantation, having an area of 131 *cuerdas,* was recorded in the Registry of Property of Mayaguez in

favor of Justo Goicovitch y Cebollero, by virtue of proceedings to establish possession, instituted in the Municipal Court of Añasco, approved on October ⁻, 1893.

6. That on February 16, 1900, said Concepción plantation was recorded in said Registry of Property of Mayaguez in favor of Antonio Manrique de Lara, although not the full 131 *cuerdas* thereof, but only 103.99 *cuerdas,* which lands had been previously possessed in an undivided state with another part giving a greater area, by Justo Goicovitch and Antonio Manrique de Lara, the former in the proportion of one-third and the latter in that of two-thirds; and it appears from certain uncertified statements in the record that Manrique de Lara acquired the share of Goicovitch by public deed of June 11, 1894, which was the subject of the record stated of February 16, 1900.

7. On April 10, 1900, Antonio Manrique de Lara filed an application in the Municipal Court of Añasco for the conversion into a dominion title of the possessory title to the Concepción plantation, which was recorded in the registry of property in his favor, and the proceedings having been duly prosecuted the conversion was directed by order of the following 5th of May, the proper record of this order being entered in the Registry of Property of Mayaguez on the 10th of said month of May.

The District Court of Aguadilla rendered judgment on January 16th last, which reads as follows:

"No. 27.—*Mercedes, Josefa, Manuela, Antonio, Salvador Manrique de Lara,* plaintiffs, v. *Felix Morales,* defendant.

"*Judgment.*—Recovery of property unlawfully withheld and indemnity for damages.

"In the District Court for the Judicial District of Aguadilla, Porto Rico. January 17, 1905.—This case was called for trial on January 10, 1905, the plaintiffs appearing through their counsel, Mr. Arnaldo, and the defendant through his counsel, Mr. Quintero; and the court, after hearing the allegations and evidence of the parties and the arguments of their counsel, fixed one of the next sessions for

pronouncement of judgment; and, therefore, on this date the court holds: That it is of the opinion that the law and the facts are in favor of the plaintiffs in the matter of the recovery of the Estate unlawfully withheld and the payment of loss and damage claimed by said plaintiffs, and, therefore, that it should order and does hereby order that the plaintiffs have and recover from the defendant the possession of an Estate held by said defendant, which Estate has an area of 25 *cuerdas,* situate in the *barrio* of Añasco Abajo, in the municipal district of Añasco, judicial district of this city, bounded on the north by the road from Añasco to its beach, on the east by lands of the Estate of Arcelay, and on the south by the Rio Grande of Añasco; and that the defendant pay the plaintiffs the sum of 1,250 *pesos* by way of indemnity. It is likewise ordered that Felix Morales pay the costs of these proceedings, and that a writ of execution issue against the property of said Morales for the satisfaction of this judgment.''

From this judgment counsel for Felix Morales took an appeal which is now pending decision in this Supreme Court, after the written and oral arguments of the parties had been heard.

The proceedings show that Antonio Manrique de Lara, and afterwards his Estate, possessed the 25 *cuerdas* of land which are the subject of controversy in these proceedings when the attachment was levied thereon as a consequence of the oral action brought by Felix Morales against Pedro R. Gonce, and it has not been proved that such possession was held under a lease, as the defendant has alleged and sought to show.

Both the Estate of Manrique de Lara and Felix Morales have submitted evidence to establish the ownership of the lands in litigation, as to the identity of which there appears to be no controversy whatsoever, as both parties claim the ownership of the same lands.

But the documents which the defendant produced in support of his claim have not been recorded in the proper registry of property, while the Estate of Manrique de Lara has submitted full proof of the record of the possession of the lands in question in favor of their predecessor in interest, which possessory title was converted into a dominion title in

accordance with the legal proceedings prescribed by law, and without any defect whatsoever having been shown to vitiate these records.

Article 1473 of the former Civil Code, which is section 1376 of the Revised Code, may well be applied to this case, said article providing that if the same thing should have been sold to different vendees, and if it should be real property, it shall belong to the one who first recorded it in the registry, which is what occurs in this case with respect to the Estate of Manrique de Lara, which, on the other hand, was also in possession of the lands when they were attached upon the application of Morales; and it should, therefore, be protected in said possession, until Morales shall present better titles invalidating those of the plaintiff Estate.

If said Estate was the owner of the lands when they were attached upon the application of Morales, and was dispossessed because of the attachment, and Morales benefited thereby, it is just and legal that, as provided in the judgment appealed from, the plaintiff Estate, in addition to recovering the plantation referred to in the complaint, be indemnified for any loss and damage suffered, which the adjudging court has appraised in the sum of $1,250, taking into consideration in so doing the data adduced in the proceedings.

For the reasons stated, the judgment appealed from should be affirmed in all its parts, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.